IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE D. MCCARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06CV93-MHT |
| ) | |
| HOUSEHOLD FINANCE ) | |
| CORPORATION III ) | |
| ) | |
| Defendants. ) | |

# ORDER

The court has entered a separate order on this date which grants the plaintiff's motion to proceed *in forma pauperis*.

However, upon consideration of the complaint filed by the plaintiff, George McCarley ["McCarley"], the court finds that it is very difficult to determine McCarley's specific claims against the defendant from the face of the complaint. One of the primary purposes of a civil complaint is to give adequate notice to the defendants and the court of the plaintiff's claims. A claim consists not merely of a recitation of a wrongdoing. It must include (1) the names and positions of the person(s) who committed the act(s), (2) the acts or behavior that constituted the wrongdoing, (3) the names and positions of the person(s) injured or damaged, (4) an explanation of the injury or damage inflicted, (5) the constitutional or statutory provision that was violated, and (6) the specific relief that the plaintiff requests from the court.

The plaintiff must state all of these elements for each statutory or constitutional

provision that is alleged to have been violated. Thus, it is not sufficient for McCarkley simply to list "Other Charges Listed Against Defendant", a category consisting of as many as 17 different federal statutes. Instead, with respect to each of the statutes that have allegedly been violated, the plaintiff must include the six elements articulated above.

To be sure, some of the defendants' alleged acts may have violated two or more of the statutes or constitutional provisions, but McCarley is still required to state specifically which requirement or prohibition of the act was violated by a specific defendant's actions and which injury or damage was caused by a specific defendant's actions.

McCarley fails to meet that standard. For example, he alleges that the

> Defendant developed an intentional and continual pattern of behavior designed to obstruct if not prevent McCarley performance of contract conditions precedent of this mortgage contract.

(Doc # 1). That language is insufficient to advise the defendant or the court of (1) the identity of the person(s) acted on behalf of the corporate defendant; (2) the positions they held (i.e., whether they had the authority to act on behalf of the corporation); (3) the specific acts they took, (4) the dates of the actions and the locations where they occurred, or (5) the specific relief requested.

McCarley addresses "Damages Sought" on page 6 of his complaint, but he uses language so vague and general that neither the defendant or the court can decipher. He seeks "an equitable solution that will restore his reputation and payback [sic] the professional earnings he has lost" but fails to state the amount of his loss or the value of the loss to his

reputation.[1] The same deficiency applies to McCarley's demand that the "defendant must compensate McCarley for defendant's Fraudulent activity".

For these and other reasons, it is

ORDERED that on or before 17 February 2006, McCarley shall file an amended complaint which specifically sets forth the following and which comply with the following requirements:

1. The names of the individual(s) whom the plaintiff claims violated his statutory or constitutional rights and a current mailing address where the individual(s) can be served;

2. The statutes, regulations, or constitutional provisions which were violated;

3. A description of the actions which violated the plaintiff's rights;

4. The specific dates or time period when the violations occurred;

5. Whether the plaintiff has sought relief from any governmental agency, and if so, the name of the agency, the date of the claim, and the result of the investigation of the claim; and

6. The specific relief that the plaintiff seeks, that is, the precise action that the plaintiff wishes for the court to take against each defendant in response to his complaint.

7. If the claim is pursuant to a statute, a recitation of the statutory provision that authorizes the relief requested.

8. The plaintiff is DIRECTED to eliminate from his amended complaint any

---

[1] Moreover, the court cannot examine or determine from the complaint if the relief he seeks is authorized by the statute in question.

references to referrals to the United States Attorney or to any acts that allegedly violate criminal laws.

Unless the plaintiff provides the foregoing information and otherwise complies with this order, this action may not proceed. The plaintiff is advised that his failure to comply with this order could result in a Recommendation to the court that this case be dismissed.

DONE this 6th day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE